WO                                                                                                         MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson, | No. CV 20-02409-PHX-MTL (DMF) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

On December 11, 2020, Petitioner Christopher James Henson, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a "Motion Pursuant to 28 U.S.C. [§] 2243" (Doc. 4). The Court will grant the Application to Proceed, require an answer to the Petition, and partially grant the Motion Pursuant to 28 U.S.C. § 2243.

**I.      Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperis. *See* LRCiv 3.5(b).

**II.     Petition**

Petitioner was convicted in Maricopa County Superior Court and is currently in the custody of the Arizona Department of Corrections. In his Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent.

TERMPSREF

Petitioner seeks release from prison, contending he is being held in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  Petitioner asserts that he has asthma and hepatitis-C and that Respondent Shinn is not protecting him from the Coronavirus Disease 2019 (COVID-19).  Specifically, Petitioner alleges inmates are not permitted to have visits, "so our families do not introduce this virus to inmate populations," and, therefore, the virus is coming into the prison from "[p]rison employees, medical staff, and administration staff, who go home daily and come back to work inside the prison."  He also asserts inmates are provided with ineffective, single-layer masks made from a bed sheet.  Petitioner claims inmates have to participate in group events that are not socially distanced, including sitting next to each other in the dining hall, without masks, for an hour each day.  He alleges that 22 of the 38 inmates in Dorm 1 have tested positive for COVID-19; the health services department refuses to check inmates' vital signs because "if they test us [and] find we have COVID-19 . . . [,] they are required to intervene"; and nurses have told him that they have been directed by Respondent Shinn and others "not to do anything that will show how deeply embedded COVID-19 is within the Unit."[1]

Petitioner contends there are no available judicial remedies, asserting that he cannot seek relief pursuant to a petition for post-conviction relief for acts of prison authorities and that he cannot seek relief by special action to obtain release from custody.

### III.    Discussion

Although Petitioner is complaining about his conditions of confinement, he is only seeking release from prison.  He has filed a habeas petition because, as the Court explained to him in the December 3, 2020 Order in *Henson v. Corizon Health*, CV 19-04396-PHX-MTL (DMF), a petition for habeas corpus is his exclusive remedy if he is seeking relief that would result in his immediate or speedier release from prison.  *See Preiser v.*

---

[1] Apparently unrelated to the failure-to-protect issue, Petitioner also contends that "[w]e are being sent to Kason," which is a locked-down unit with "cockroach[]-infected cells[,] no phone calls[,] and no emails to friends and famil[y]"; inmates are denied "Google-meet visits" with friends and family; there are only four electronic tablets for 680 inmates, which prevents inmates from having contact with their family and friends; and "all the people on our emails have been removed."

**TERMPSREF**

*Rodriguez*, 411 U.S. 475, 488-90 (1973).  For purposes of this Order only, the Court will consider the Petition properly brought pursuant to § 2254.  *Cf. Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("where a petitioner claims that no set of conditions would be constitutionally sufficient[, Sixth Circuit precedent supports the conclusion that] the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement").  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

**IV.     Motion Pursuant to 28 U.S.C. § 2243**

In his Motion, Petitioner requests the Court give Respondents three days to respond to his Petition.  He claims Respondent is placing him in danger by not protecting him and that "in another hut, 8 of 11 inmates believe they have COVID-19."  Alternatively, Petitioner requests "this be treated as a 1983 and a TRO issued."

Section 2243, 28 U.S.C., provides, in relevant part, that if the Court calls for a response to a petition for a writ of habeas corpus, "[it] shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."  However, Rule 4 of the Rules Governing § 2254 Cases states, in relevant part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response **within a fixed time**, or to take other action the judge may order."  (Emphasis added.)  The Advisory Committee Notes to the 1976 Adoption of Rule 4 explain:

> In the event an answer is ordered under rule 4, **the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made**. . . .  In view of the widespread state of work overload in prosecutors' offices . . . , additional time is granted in some jurisdictions as a matter of course.  Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

(Emphasis added.)

. . . .

. . . .

In this District, Respondents, as a matter of course, are given forty days within which to answer a § 2254 petition. The Court, in its discretion, will order Respondents to answer the Petition within twenty days and will deny Petitioner's request for an answer within three days. In addition, the Court declines to grant Petitioner's alternative request for relief because Petitioner is only seeking release from custody and the Court cannot order release from custody in an action pursuant to 42 U.S.C. § 1983.

**V.  Warnings**

**A.  Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.  Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)  Petition's "Motion Pursuant to 28 U.S.C. [§] 2243" (Doc. 4) is **granted in part** to the extent the Court will require Respondents to answer the Petition within 20 days

TERMPSREF

- 4 -

of service, and **denied in part** as to his requests to require an answer within three days of service or for this action to be construed as an action pursuant to 42 U.S.C. § 1983.

(3)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(4)     Respondents must answer the Petition within **20 days** of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative

TERMPSREF

Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6)   Petitioner may file a reply within 30 days from the date of service of the answer.

(7)   This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 23rd day of December, 2020.

Michael T. Liburdi
United States District Judge

TERMPSREF