**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher James Henson, | No. CV-20-02409-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") (Doc. 9), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied. The Court has reviewed the Petition (Doc. 1), Respondents' Response to the Petition (Doc. 7), Petitioner's Reply to the Response (Doc. 8), the R&R (Doc. 9), Petitioner's Objection to the R&R (Doc. 10), and Respondents' Reply to Petitioner's Objection (Doc. 11). Petitioner also filed a Motion for Leave to File a Supplemental Objection (Doc. 12).[1] For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R&R.

**I.    BACKGROUND**

In February 2013, Petitioner pleaded guilty to several charges in two Arizona Superior Court criminal cases. (Doc. 1 at 1.) Petitioner is serving a twelve-year sentence to be followed by two years of probation for his convictions for burglary in the first degree, misconduct regarding weapons, and organized retail theft. (*Id.* at 2.) Petitioner

---

[1] Respondents oppose Petitioner's motion. (Doc. 14.) The Court grants Petitioner's motion and considers his supplemental objection for the purposes of this Order.

did not file a direct appeal or seek any post-conviction relief. (*Id.* at 2–5.)

Several years later, Petitioner filed a 42 U.S.C. § 1983 claim in an unrelated case in this Court. (CV-19-04396-PHX-MTL (DMF).) That lawsuit is still pending and alleges Eighth Amendment medical care claims. (CV-19-04396-PHX-MTL (DMF).) Petitioner then filed the instant Petition. (Doc. 1.) This Petition, however, does not challenge the validity of his state court conviction, the validity of his confinement, or the duration of his confinement, but brings similar claims as the § 1983 lawsuit. (*Id.*)

## II. LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection to a magistrate judge's R & R requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

## III. DISCUSSION

The Petition raises one ground for relief: violation of the Eighth Amendment. (Doc. 1 at 6.) Petitioner asserts that he has underlying health conditions and the prison is not protecting him. (*Id.*) Petitioner alleges that the COVID-19 virus is coming into the prison from prison employees, medical staff, and administration staff. (*Id.*) There are other prison conditions, the Petitioner claims, that can make him more susceptible to

catching a virus, such as the lack of social distancing and ineffective masks. (*Id.*) The Petition also contains allegations of other conditions-related matters, like the inability to "Google" meet with his family and issues with filing administrative remedies in the prison. (*Id.* at 7–10.) The R&R recommends that the Petition be denied. (Doc. 9.) The R&R concludes that 28 U.S.C. § 2254 is the proper statute that governs the Petition and that Petitioner's claims are not cognizable under § 2254, as he has not exhausted any state remedies. (*Id.* at 5–11.) It is also improper, the R&R states, to convert this action into a civil rights action under § 1983. (*Id.* at 11–12.) Petitioner uses much of his Objection and Supplemental Objection to restate his arguments that he is entitled to relief. (Docs. 10, 12.) This Court will address each specific objection in turn.

### A.     The Applicable Habeas Statute

Petitioner specifically objects to the R&R's classification of these proceedings as governed by 28 U.S.C. § 2254. (Doc. 10 at 2.) Petitioner instead wishes that this Court classify his Petition to be viewed as filed under 28 U.S.C. § 2241. (*Id.*) The R&R thoroughly evaluated the differences between the two statutes and found that § 2254 governed this Petition. (Doc. 9 at 5–6.) The Court agrees with R&R's conclusion.

Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The relevant sub-section of § 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in *custody pursuant to the judgment of a State court* . . . on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Although the text of these two statutes are similar, § 2254 is properly understood as implementing the "habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other*

*grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

The Ninth Circuit has explicitly adopted the view that § 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White*, 370 F.3d at 1009–10. Petitioner is in custody pursuant to a state court judgment. Although Petitioner is not challenging his underlying state court conviction, § 2254 still is the proper vehicle to guide his Petition. This Court agrees with the R&R's conclusion that this case is a § 2254 proceeding. The Court therefore overrules Petitioner's objection asking to construe his Petition under § 2241.[2]

### B. Petitioner's Claims Under 28 U.S.C. § 2254

Petitioner specifically objects to several prison-related conditions that the R&R found to be not cognizable in these § 2254 habeas proceedings. (Docs. 10, 12.) This objection includes reference to alleged issues with filing prison-related grievances and the lack of access to certain resources. (*Id.*) The R&R concluded that Petitioner's claims were not exhausted to meet § 2254's requirements and, regardless, his conditions-related claims are not cognizable under *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc). (Doc. 9 at 6–11.)

The Court agrees with the R&R's conclusion that Petitioner has not properly exhausted his state remedies. (*Id.* at 6–8.) Petitioner provides no evidence that he has attempted to exhaust state remedies for his conditions-related claims. As the Respondents note, Petitioner's objection that the prison "impeded exhaustion of remedies by threats" and shutting down access to legal resources does not save his claim because that refers to exhaustion of prison remedies, not state remedies. Petitioner did not properly exhaust his

---

[2] Petitioner notes that he pursued this habeas proceeding because this Court "has advised me that my relief is by way of Habeas." (Doc. 1 at 9.) Petitioner misconstrues the Court's Order in his § 1983 case. (CV-19-04396-PHX-MTL (DMF).) The Court merely noted that release was not available in civil rights cases and any relief that Petitioner seeks to challenge his sentence, or any relief to seek his immediate or speedier release, need to be done through a habeas petition after exhausting state remedies. (CV-19-04396-PHX-MTL (DMF) (Doc. 188).)

- 4 -

habeas claim as required by statute. Although Petitioner need not satisfy the exhaustion requirement where "there is an absence of State corrective process," or "circumstances exist that render [the State corrective process] ineffective to protect the rights of the applicant," the Court agrees with the R&R that these exceptions do not apply. 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). As the R&R notes, "there is no Arizona state court published decision confirming Petitioner's conjecture that there is no state corrective process for the claims in his Petition." (Doc. 9 at 7.); *see Fahr v. Arizona*, No. CV 20-08114-PCT-DGC (DMF), 2020 WL 3791535, at *3 (D. Ariz. July 7, 2020) ("Because Petitioner has failed to exhaust her COVID-19 claim in the Arizona state courts and has failed to allege anything to suggest that exhaustion should be waived, the Court will deny her Petition for Release."). Petitioner has not shown that he has exhausted his state remedies or shown a valid exception applies.

The Court also agrees with the R&R's conclusion even if Petitioner did exhaust his state remedies, *Nettles* would foreclose his claims. In *Nettles*, the court held that conditions-related claims that fall outside the "core of habeas corpus" must be brought in a civil rights action under § 1983. 830 F.3d at 931. The court concluded that the petitioner's claims did not fall under the "core of habeas corpus" because the success of such claims would "not necessarily lead to his immediate or earlier release from confinement." *Id.* at 935. This controls Petitioner's conditions-related claims. As other courts in this District have noted, "challenges to conditions of confinement, threats to safety or health based on inmate population density, exposure to the COVID-19 virus, lack of medical testing and medical staff, or unsanitary conditions are properly raised in a civil rights action pursuant to 42 U.S.C. § 1983." *Fahr*, 2020 WL 3791535, at *3. The cases that Petitioner cites in his Supplemental Objection even note that a civil rights action is the proper method for challenging these claims, not a § 2254 habeas proceeding. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973). Given that Petitioner's claims do not fall under the "core of habeas corpus," this Court is bound by *Nettles*' holding that the proper vehicle for Petitioner's claims is a civil rights action. This Court

- 5 -

therefore overrules Petitioner's objections on this ground.

### C. Conversion to a 42 U.S.C. § 1983 Claim

Petitioner did not specifically object to the R&R's conclusion that this proceeding should not be converted to a § 1983 claim. (Docs. 10, 12.) In fact, Petitioner explicitly noted that the "Court should not convert this to a 1983." (Doc. 10 at 2.) Petitioner's Supplemental Objection points to cases that construe the habeas petition as a § 1983 action, so the Court will construe this as a specific objection to the R&R's conclusion on this ground. (Doc. 12.) The R&R is correct that *Nettles* is clear on this point. Construing a habeas petition to be a § 1983 action is appropriate only if the habeas petition is "amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. 830 F.3d at 936. As the R&R notes, there are many signs to show that construing the Petition as a civil rights claim is not appropriate. "Petitioner does not name the proper defendants and the . . . Petitioner seems to have mashed together his own claim with the claims of other inmates, whom he cannot represent pro se." (Doc. 9 at 12.) The Court also recognizes that Petitioner has admitted that he has not exhausted his administrative remedies for many of his underlying conditions-related claims, which is a requirement before bringing a civil rights suit in federal court. *See* 42 U.S.C. § 1997e(a). Taking into account these considerations, the Court will not construe this Petition to be a § 1983 claim and overrules Petitioner's objections on this ground.

### D. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an

- 6 -

issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED granting** Petitioner's Motion for Leave to File a Supplemental Objection. (Doc. 12.)

**IT IS FURTHER ORDERED adopting** the Report and Recommendation (Doc. 9).

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 20th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge